1

2

3

4

5

6

7# UNITED STATES DISTRICT COURT

8## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN L. BLANTON, | ) 1:05cv0001 REC DLB HC |
| | ) |
| | ) |
| Petitioner, | ) FINDING AND RECOMMENDATIONS |
| | ) REGARDING PETITION FOR WRIT OF |
| | ) HABEAS CORPUS |
| v. | ) |
| | ) (Documents 1 and 10) |
| | ) |
| PAUL M. SCHULTZ, | ) |
| | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## PROCEDURAL HISTORY[1]

On July 28, 1997, in the United States District Court for the Central District of California, Petitioner was sentenced to a 270-month federal sentence for conspiracy, armed bank robbery and using a firearm during a crime of violence. The sentence was based, in part, on Petitioner's status as a career offender.[2] The conviction and sentence were upheld on appeal.

---

[1] This information is derived from Petitioner's petition for writ of habeas corpus and Respondent's answer to the petition.

[2] The presentence report indicated that Petitioner had two prior felony convictions: (1) a 1987 Los Angeles conviction for sale of a controlled substance for which he was sentenced to 60 months probation; and (2) a 1990 Fresno conviction for robbery using a gun and assault with a deadly weapon.

1    In 2000, Petitioner filed his first motion pursuant to section 2255, alleging ineffective

2  assistance of counsel and instructional error.  The district court denied his motion and the Ninth

3  Circuit affirmed.

4    Petitioner filed a second section 2255 motion on October 1, 2004, alleging ineffective

5  assistance of counsel and sentencing error based on false information in the sentencing report.

6  Respondent filed a motion to dismiss the petition, which is still pending.

7    Petitioner filed the instant motion on January 1, 2005.  He alleges that the Bureau of

8  Prisons ("BOP") and warden Paul M. Schultz are knowingly and intentionally maintaining false

9  and inaccurate information in his central file based on an inaccurate presentence report contained

10  therein, in violation of the Privacy Act.  5 U.S.C. § 552a.  He further contends that this false

11  information has been used to make adverse determinations regarding custody classification,

12  current release date, security level, etc.  Plaintiff requests (1) removal of the inaccuracies from

13  his central file; (2) reclassification; and (3) damages in the amount of $20,000.

14    On February 8, 2005, Petitioner filed another petition pursuant to section 2241.  The

15  petition was originally opened as a new case but was eventually consolidated with this action.

16  The second petition alleges that the sentencing court erroneously enhanced his sentence under the

17  Career Offender Provision of the Sentencing Guidelines because, according to Petitioner, his

18  1987 drug offense does not qualify as a prior conviction.[3]

19    Respondent filed an answer on March 17, 2005.

20    Petitioner filed his reply on April 5, 2005.

21                                DISCUSSION

22    A federal prisoner who wishes to challenge the validity or constitutionality of his

23  conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

24  under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v.

25  Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);

26  Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the sentencing*

27  ───────────────

28  [3] Petitioner asserts that the 1987 conviction does not qualify as a prior conviction because it was a
suspended sentence that resulted in a probationary term with no judgment and conviction.

1 | *court has jurisdiction*. Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal

2 | conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C.

3 | § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see

4 | also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

5 | In contrast, a federal prisoner challenging the manner, location, or conditions of that

6 | sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

7 | Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175,

8 | 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United

9 | States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79

10 | (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v.

11 | United States, 610 F.2d 672, 677 (9th Cir. 1990).

12 | A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*

13 | he can show that the remedy available under § 2255 is "inadequate or ineffective to test the

14 | validity of his detention."  United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting

15 | § 2255).  Although there is little guidance from any court on when § 2255 is an inadequate or

16 | ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception.  Id;

17 | Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (Section 2255 not inadequate or ineffective

18 | because Petitioner misses statute of limitations); Moore v. Reno, 185 F.3d 1054, 1055

19 | (9th Cir.1999) (Dismissal of a successive motion attacking sentence did not render such motion

20 | procedure an ineffective or inadequate remedy, so as to authorize federal prisoner to seek habeas

21 | relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is

22 | insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a

23 | petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams

24 | v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956);

25 | see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of

26 | § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden

27 | is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United

28 | States, 315 F.2d 76, 83 (9th Cir. 1963).

1   For the following reasons, neither of Petitioner's claims is proper in a section 2241

2   petition.

3       1.      Erroneous Sentencing Claim

4   Petitioner's contention that the district court erroneously sentenced him as a career

5   offender based on an incorrect presentence report is not proper in a section 2241 petition.

6   Petitioner is alleging errors in his sentencing, rather than errors in the administration of his

7   sentence, therefore making the appropriate remedy a motion pursuant to section 2255.  Indeed,

8   Petitioner's second 2255 motion, which asserts this claim, is currently pending before the District

9   Court for the Central District of California.

10      In arguing that his petition is proper under section 2241, Petitioner contends that he is

11  actually innocent "of being a career offender under 4B1.1 Career Offender Guideline Provision."

12  Petitioner's Reply, 18.  This, however, is not enough.  The Ninth Circuit has held that a prisoner

13  who wishes to use a section 2241 petition as a substitute for a section 2255 motion must show

14  that he is actually innocent of the charges against him *and* that he "has never had an

15  'unobstructed procedural shot' at presenting his claim."  <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1060

16  (9th Cir. 2003).  Certainly, Petitioner's claim regarding the mistakes in the presentencing report

17  could have, and should have, been raised during sentencing, on appeal, or in one of his section

18  2255 motions.  Like the defendant in <u>Ivy</u>, Petitioner's claim has been available "since the day he

19  was [sentenced]" and "could have been raised at any time prior to or during trial, or on direct

20  appeal."  <u>Id.</u>

21      2.      Privacy Act Claim

22      Based on the allegedly incorrect presentence report, Petitioner argues that Respondent is

23  knowingly maintaining false information in his central file and that this false information has

24  been used to assign Petitioner less favorable custody and security classifications.  This is nothing

25  more than an attempt to resurrect an otherwise improper section 2241 claim by alleging that the

26  report has impacted the execution of his sentence.  The core of Petitioner's claim, however, is the

27  error in the presentence report- an issue that, as explained above, is not proper in a section 2241

28  petition.

4

1    Moreover, Petitioner purports to rely on the Privacy Act, but cites no cases to support a

2  finding that a Privacy Act claim is proper in a habeas petition.  See eg. In re Smith, 114 F.3d

3  1247, 1249 (D.C. Cir. 1997) (rejecting a prisoner's attempt to bring a Privacy Act claim in a

4  petition for mandamus because "it would defeat the purpose of the PLRA if a prisoner could

5  evade its requirements simply by dressing up an ordinary civil action as a petition for mandamus

6  or prohibition or by joining it with a petition for habeas corpus.")

7    Even assuming that Petitioner's claim is proper, the Privacy Act would not allow the

8  BOP to correct his presentence report and would not provide for resentencing.  The BOP fulfills

9  its duties under the Privacy Act by allowing a prisoner to place his objections to the presentence

10  report in his file.  Fendler v. Bureau of Prisons, 846 F.2d 550, 554 (9th Cir. 1988).  Here, as

11  evidenced by Petitioner's exhibits, his file contains numerous objections, by way of

12  administrative appeals, to his presentence report.

13                                  RECOMMENDATION

14    Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be

15  DISMISSED because the petition does not allege grounds that would entitle Petitioner to relief

16  under 28 U.S.C. § 2241.

17    These Findings and Recommendations are submitted to the Honorable Robert E. Coyle,

18  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and

19  Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District

20  of California.  Within thirty (30) days after being served with a copy, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections

23  shall be served and filed within ten (10) court days (plus three days if served by mail) after

24  service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

25

26

27

28

1  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the

2  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

3  F.2d 1153 (9th Cir. 1991).

4         IT IS SO ORDERED.

5     **Dated:** __**December 21, 2005**__                    _____**/s/ Dennis L. Beck**_____
   3b142a                                             UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28